IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **LAKESIDE NATIONAL, LLC.,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-11-1306 |
| **CHICAGO TITLE INSURANCE CO.,** *et al.*, | * | |
| Defendants | * | |

## MEMORANDUM

Lakeside National, LLC ("Plaintiff") brought this suit against Alltech Title, Inc. ("Alltech") and Chicago Title Insurance Co. ("Chicago Title") alleging breach of contract and negligence. Defendant Chicago Title now moves to dismiss the claims against it. The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons set forth below, Chicago Title's Motion To Dismiss (ECF No. 12) is GRANTED.

### I. BACKGROUND

The facts of this case, as alleged in the Complaint (ECF No. 2) are as follows. On or about September 10, 2007, Plaintiff financed the purchase of a home ("The Property") by Mr. Lenworth McKenzie ("McKenzie"). The Property was located at 1021 West Lombard Street, Baltimore, Maryland 21223, and was improved by a single family dwelling. The financing consisted of a loan and purchase money mortgage in the amount of $96,000 and an assignment of rents and leases in favor of Plaintiff. Plaintiff retained Defendant Alltech to close the sale. Plaintiff's closing instructions required Alltech to execute a "closing instruction cover" and a "first lien letter" to secure Plaintiff's title to The Property. The instructions provided that Alltech would record the

1

mortgage and deed of assignment immediately upon disbursing the loan proceeds, and would deliver the recorded mortgage to Plaintiff within 45 days of closing.

Additionally, Plaintiff purchased a title insurance policy ("The Policy") from Defendant Chicago Title in the amount of $96,000 to cover any losses caused by a deficiency in Plaintiff's title or lien on The Property. Chicago Title also issued a closing protection letter ("The Letter") indemnifying Plaintiff against any loss resulting from Alltech's failure to comply with Plaintiff's closing instructions in the event that such failure affected Plaintiff's title or lien.

Alltech closed the sale and disbursed the loan proceeds on September 10, 2007. But, contrary to Plaintiff's instructions, it did not record the deed or mortgage until March 18, 2008. After Alltech closed the sale, but before it recorded the deed and mortgage, the City of Baltimore issued a demolition permit indicating that the improvements on The Property would be razed by January 12, 2008. By the time Alltech recorded the deed and mortgage, the improvements had been razed. McKenzie stopped paying the mortgage on March 10, 2008, and is now in default, with a balance of $112,636.77 owing. The Property is vacant and unimproved, and its value is not sufficient to satisfy the balance due on the mortgage.

Plaintiff made claims against its title insurance policy and closing protection letter, which Chicago Title denied. On March 29, 2011, Plaintiff filed this suit against Defendants in the Circuit Court for Baltimore City, alleging breach of contract and negligence. On May 12, 2011, Defendant Chicago Title removed the case to this Court on the basis of diversity jurisdiction. Chicago Title now moves to dismiss the claims against it.

II. **STANDARD OF REVIEW**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In evaluating the complaint's sufficiency, the court must view all well-pled factual allegations as true and construe

them in the light most favorable to the Plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive the motion, the complaint need only present enough factual content to render the claim "plausible on its face" by enabling the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556-57 (2007). If, after taking all factual allegations as true, the court determines that it cannot infer more than "the mere possibility of misconduct," the motion should be granted and the complaint dismissed. *Iqbal*, 129 S.Ct. at 1950.

### III. ANALYSIS

To survive a motion to dismiss, a complaint for breach of contract under Maryland law must plead facts showing that the defendant had a contractual obligation to the plaintiff, and that the defendant breached that obligation. *Swedish Civil Aviation Admin. v. Project Management Enterprises*, 190 F. Supp. 785, 791 (D. Md. 2002) (citing *Continental Masonry Co. v. Verdel Constr. Co.*, 279 Md. 476, 480, 369 A.2d 566 (Md. 1977).

According to Plaintiff, Alltech failed to carry out its closing instructions when it did not record the deed and mortgage immediately after closing the sale and disbursing the loan proceeds. Plaintiff alleges that the City of Baltimore issued a notice regarding the razing of improvements on the Property to all parties with a recorded interest in The Property sometime before Alltech recorded the deed and mortgage. If Alltech had complied with the closing instructions, Plaintiff asserts, Plaintiff would have received the notice and would have had an opportunity to prevent the improvements from being razed.

In Count I of the Complaint, Plaintiff alleges that the Closing Protection Letter protects it from loss resulting from Alltech's failure to carry out its instructions "relating to the status of Lakeside's title to the interest in the land or the validity, enforceability and priority of the lien of its

3

mortgage on its interest in the land." (Compl. 6). It further alleges that it has "suffered the loss of its lien on the improvements on the property" as a result of Alltech's failure to follow closing instructions. It alleges that Chicago Title was therefore obligated to indemnify it against the resulting loss under the Closing Protection Letter, and that its failure to do so constitutes breach of contract.

While Plaintiff has certainly alleged that Alltech failed to comply with its written closing instructions and that this failure resulted in loss, the type of loss Plaintiff alleges is not covered by the Closing Protection Letter. The Letter agrees to reimburse Plaintiff for losses incurred in connection with the closing only if those losses arise out of:

> 1. Failure of the Issuing Agent or Approved Attorney to comply with your written closing instructions to the extent that they relate to (a) the status of the title to said interest in land or validity, enforceability and priority of the lien of said mortgage on said interest in land...
>
> 2. Fraud or dishonesty of the Issuing Agent or Approved Attorney in handling your funds or documents in connection with such closings.

(Closing Protection Letter, ECF No. 2-6, Ex. 6). Plaintiff cursorily alleges that it has "lost its lien" on the improvements. However, even if it were true that Plaintiff had a lien specifically on the improvements to The Property, as distinct from the parcel as a whole, the fact that the improvements have been razed would not affect the "validity, enforceability, [or] priority" of that lien. A lien is merely a legal right to have a debt satisfied out of a particular property. *De Arriz v. Klinger-De Arriz*, 179 Md. App. 458, 472, 947 A.2d 59, 67 (Md. Ct. Spec. App. 2008). It does not guarantee the value or condition of that property. *See In re Tower Automotive, Inc.*, 356 B.R. 598, 602 (Bankr. S.D.N.Y. 2006). Thus, the fact that an intervening event may deprive the property of value, even if it means that the lien-holder may ultimately be unable to recover his debt, does not affect the legal status of the lien.

Because Plaintiff has not alleged any loss related to the "status of [its] title" to The Property or the "validity, enforceability [or] priority" of its lien, it has failed to allege that Chicago Title breached its agreement in the Closing Protection Letter. Plaintiff's claim against Chicago Title for breach of contract with respect to the Closing Protection Letter must therefore be dismissed.

In Count II of the Complaint, Plaintiff alleges that Chicago Title breached the Title Insurance Policy by denying Plaintiff's claim for loss arising from the razing of the improvements on The Property. The Policy insures Plaintiff against loss incurred as a result of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien or the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material...
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.

(Policy 2, ECF No. 2-5, Ex. 5). The Complaint alleges that, as a result of the razing of the improvements, Plaintiff's title was vested "other than as stated," and is both defective and unmarketable. (Compl. 8). Plaintiff, however, offers no factual support for these conclusions. Schedule A of The Policy provides that "Title to the interest in the land is vested in: Lenworth McKenzie", (Policy 6), but nothing in the complaint suggests that title has not been so vested. Similarly, there is no indication of a defect in Plaintiff's title to The Property. "Title" refers to the right to possess real property or an instrument evidencing such right. BLACK'S LAW DICTIONARY (3d ed. 2009). Title is defective if it fails to legally convey the property. *Id.* Under Maryland law, title is marketable when it is "free from encumbrances and any reasonable doubt as to its validity."

*New Freedom Corp. v. Brown*, 260 Md. 383, 388, 272 A.2d 401, 404 (Md. 1971). Nothing in the Complaint suggests the existence of any encumbrances on the Property or any doubt about Plaintiff's legal right to possess it.

Because Plaintiff has not alleged any loss arising from a defect in its title to The Property, it has failed to allege that Chicago Title breached its agreement under the Title Insurance Policy. Plaintiff's claim for breach of contract against Chicago Title with regard to The Policy must therefore be dismissed.

## IV. CONCLUSION

Accordingly, an order shall issue GRANTING Defendant Chicago Title's Motion To Dismiss (ECF No. 16).

Dated this 3rd day of August, 2011

BY THE COURT:

/s/
James K. Bredar
United States District Judge